**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMUNA GURUNG, | No. 11-70412 |
| Petitioner, | Agency No. A088-487-654 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2014[**]

Before: D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

Jamuna Gurung ("Jamuna"), a native and citizen of Nepal, petitions for

review of the Board of Immigration Appeals' ("BIA") summary affirmance of an

immigration judge's ("IJ") denial of her applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We grant

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the petition for review and remand for further proceedings.  Because the parties are familiar with the history of the case, we need not recount it here.

Where, as here, the BIA streamlines an appeal under 8 C.F.R. § 1003.1(e)(4), "the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004) (internal quotation marks omitted).  "The denial of asylum is reviewed for substantial evidence.  The denial must be upheld unless the applicant can show that the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Camposeco-Montejo v. Ashcroft*, 384 F.3d 814, 818 (9th Cir. 2004) (internal citation and quotation marks omitted).

Under 8 U.S.C. § 1158(b), the Attorney General has the discretion to grant asylum to "refugees." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 428 n.5 (1987).  A "refugee" is a person unable or unwilling to return to her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Under the REAL ID Act, an applicant must establish that a protected ground "was or will be *at least one central reason* for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (emphasis added). "[A]n asylum applicant need not prove that a protected ground was the only central reason for the persecution she suffered. . . . [and] an applicant need not prove that a protected ground was the most important reason why the persecution occurred." *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2008). Yet, the protected ground "cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* at 741 (internal quotation marks omitted).

Here, the record reveals at least three possible reasons for the Maoists' threats toward and attacks on Jamuna: (1) financial gain; (2) her membership in the particular social group consisting of her family; and (3) her actual or imputed political opinion opposing the Maoists. The IJ found that the Maoists' only central motivation was financial gain. We disagree.

The record as a whole, which includes Jamuna's credible testimony and sworn declaration and her father's asylum application, compels the conclusion that Jamuna's membership in the social group of her family was also a central reason for her persecution. The record contains evidence of Jamuna's father's political

prominence; his abduction by the Maoists and their subsequent threats against him and his family; Jamuna's return to Nepal within eight months of her father's escape to care for her family in his absence; and the Maoists' subsequent knowledge of her father's whereabouts. Most compelling, the Maoists' asked for Jamuna by name, questioned her about her father during their first three confrontations, and told her, "we know that your father was the political member and he's in America taking our name to survive in life." The other members of Jamuna's family were not harmed for a period of time before they were granted derivative asylum status in the United States. Yet, this fact does not alter our conclusion that Jamuna's father motivated the Moaists to attack her where the record reveals that Jamuna was politically involved in the same activities as her father and she took over his role in her family, which distinguishes her from her mother and her younger siblings.

## II

Persecution is defined generally as "the infliction of suffering or harm upon those who differ . . . in a way regarded as offensive." *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (internal quotations and citation omitted). Persecution covers a range of harms, and "[t]he determination that actions rise to the level of persecution is very fact-dependent." *Cordon-Garcia v. INS*, 204 F.3d 985, 991

4

(9th Cir. 2000). The IJ found that Jamuna did not experience past persecution. We disagree.

Substantial evidence compels the conclusion that the harm Jamuna experienced constitutes past persecution. After abducting Jamuna's father, the Maoists, a group capable of and willing to carry out their threats, threatened his entire family. The Maoists then specifically sought out Jamuna by name, forced themselves into her home, pushed her, slapped her, kicked her, and demanded that she pay them 200,000 rupees or that she become their "member." They threatened her and her family twice on the phone. They then attacked her at her place of work, wrecked her office, stole her money, and cut her with a knife. The Maoists left a note on Jamuna's office door warning her not to return or she would lose her life, and they continued searching for her after she fled Nepal.

III

Jamuna is also eligible for asylum based on a well-founded fear of future persecution. We disagree with the IJ's conclusion that Jamuna failed to establish a well-founded fear. A well-founded fear "must be both subjectively genuine and objectively reasonable." *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). Substantial evidence compels the conclusion that Jamuna satisfied the subjective component by credibly testifying that she genuinely fears persecution and that she

5

established the objective component by adducing credible and specific evidence in the record that supports her reasonable fear of persecution. *Id.*

The record shows the Maoists specifically targeted Jamuna when they asked for her by name, sought her out at both her home and her office, knew personal facts about her and her father, and continued to demonstrate their interest in her even after she fled Nepal. *See, e.g.*, *Marcos v. Gonzales*, 410 F.3d 1112, 1119 (9th Cir. 2005) (applicant demonstrated well-founded fear based on credible death threats directed at him specifically). Also, the acts of violence toward Jamuna's father establish Jamuna's well-founded fear of persecution because the Maoists threatened, attacked, and demanded money from Jamuna while verbally linking her to her father. *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) ("acts of violence against a petitioner's . . . family members may establish a well-founded fear . . . [if] this violence create[s] a pattern of persecution closely tied to the petitioner" (citation omitted)).

**PETITION GRANTED;  REMANDED.**